**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**


| | | |
|---|---|---|
| **Jeremy Richards,** | ) | **CASE NO. 1:24 CV 1179** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Cleveland Police Department, *et al.,*** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |


### Introduction

This matter is before the Court upon defendants' Motion for Judgment on the Pleadings.

(Doc. 13). For the following reasons, the motion is GRANTED in PART and DENIED in PART.

### Facts

Plaintiff Jeremy Richards filed this Complaint, proceeding *pro se*, against defendants

John C. Patterson and the Cleveland Police Department. An Amended Complaint against the

same defendants was thereafter filed. The Amended Complaint alleges the following. On

October 16, 2023, plaintiff was involved in "an altercation with Mario Garcia" at an address in

Cleveland, Ohio. This "verbal dispute" on the porch, during which Garcia threatened the

1

plaintiff's daughter, escalated and Garcia struck plaintiff in the head with a piece of wood.

Plaintiff was rendered unconscious. Garcia then assaulted plaintiff using a steel chair which

resulted in severe injuries to plaintiff's right shoulder and arm. The police were called. Defendant

Cleveland Police Officer Patterson and his partner arrived. Plaintiff was laying on the porch. He

told the officers numerous times that his arm was so badly injured that he could not move it.

Plaintiff posed no threat due to his injuries. The police officers requested EMS. Plaintiff was

escorted to the EMS without incident. The EMS workers had to cut plaintiff's shirt off due to the

injured arm. Plaintiff

> found out from [his ] attorney letting me view the body camera footage that before getting
> back in the EMS with the plaintiff ... [defendant Patterson] passed his body camera to his
> partner. I was then put through the worst pain I could ever imagine. Directly after getting
> in the EMS... [defendant Patterson] attempted to handcuff [the plaintiff's] severely
> injured arm behind his back causing excruciating pain and further injury.

Plaintiff begged defendant Patterson to cuff him to the stretcher. Patterson grabbed plaintiff's

severely injured right arm and started forcing it behind his back with plaintiff "screaming and

begging him to stop." Defendant

> had my right arm all the way behind my back as officers do when they cuff people never
> once touched my left arm with me screaming then he let it go and cuffed me to the
> stretcher when I looked at the defendant, he had a evil smile on his face

Plaintiff was then transported to MetroHealth Hospital and diagnosed with a four-point fracture

of the humerus bone.

The answer to the Amended Complaint states that plaintiff was the aggressor to the

altercation for which he was then charged with Aggravated Burglary. The Cuyahoga County

Common Pleas Court docket shows that plaintiff was arrested by the Cleveland Police on

2

October 16, 2023, and charged with Aggravated Burglary and Assault with a repeat violent offender specification. He later plead guilty to Burglary and Assault. Cuy.Cty.C.P. Case No. CR-23-685905-A.

Plaintiff asserts two claims for relief pursuant to 42 U.S.C. § 1983. Count One alleges excessive force in violation of the Fourth Amendment against defendant Patterson. Count Two alleges a failure to train and supervise against the defendant Cleveland Police Department.

This matter is now before the Court upon defendants' Motion for Judgment on the Pleadings. Plaintiff did not respond to the motion.

**Standard of Review**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion."*Mellentine v. Ameriquest Mortg. Co.,* 2013 WL 560515 (6th Cir. February 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir.2001)).  "For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007).

Thus, "[w]e assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff."  *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008) ).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v.*

3

*Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*,

123 F.3d 394, 400 (6th Cir.1997).  As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests."*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012). Thus, *Twombly* and *Iqbal* require that

the complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face based on factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged.  *Twombly*, 550 U.S. at 570;

*Iqbal,* 556 U.S. at 678.  The complaint must contain "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

**Discussion**

Defendants assert that they are entitled to judgment on the pleadings as to both claims. As

to Count One, accepting the allegations in the Amended Complaint as true, judgment is not

warranted on the alleged Fourth Amendment violation.

> The Fourth Amendment's prohibition against unreasonable seizures protects citizens from law enforcement's excessive use of force. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *Cass v. City of Dayton*, 770 F.3d 368, 374 (6th Cir. 2014). In making an arrest, however, an officer may "use some degree of physical coercion or threat." *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001) (quoting Graham, 490 U.S. at 396). In determining whether an officer used excessive force, we ask whether the officer's actions were "objectively reasonable" in light of the facts and circumstances confronting him. *Graham*, 490 U.S. at 397. This is an objective inquiry; the officer's "underlying intent or motivation" is irrelevant. *Id.* In considering the totality of the circumstances, we place a

4

> particular emphasis on three factors: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight." *Martin v. City of Broadview Heights*, 712 F.3d 951, 958 (6th Cir. 2013) (quoting *Graham*, 490 U.S. at 396).

*Brown v. City of Wyoming,* 2024 WL 5040781, at *6 (6th Cir. Dec. 9, 2024). Although plaintiff does not acknowledge it, the answer clarifies that he was arrested as a result of the altercation and charged with Aggravated Burglary and Assault. Thus, it was not unreasonable that plaintiff would have been handcuffed. "A handcuffing claim survives summary judgment if a genuine dispute of material facts exists as to whether (1) the handcuffed person complained that the handcuffs were too tight; (2) the handcuffing officer ignored those complaints; and (3) the handcuffed person experienced a physical injury resulting from the handcuffing." *Dallas v. Chippewa Corr. Facility*, 2022 WL 905857, at *5 (6th Cir. Mar. 1, 2022) (ciiting *Morrison v. Bd. of Trs. Of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009)). Excessively forceful handcuffing violates the Fourth Amendment. *Niewolak v. City of Highland Park,* 844 Fed.Appx. 861 (6th Cir. April 20, 2021).

      Defendants maintain that judgment in their favor is warranted because plaintiff's own allegation is that defendant Patterson abandoned his attempt to handcuff plaintiff's arm behind his back after plaintiff screamed and begged him to stop, there is no allegation that defendant ignored plaintiff's complaints, and defendant handcuffed plaintiff to the stretcher as he requested. However, defendants ignore plaintiff's allegation that he told the officers numerous times before defendant Patterson attempted to handcuff him that his arm was so badly injured that he could not move it.  Accordingly, the Court must accept the allegation as true that pulling plaintiff's

injured arm behind his back was excessive force. The Court is mindful that the present motion is not one for summary judgment and the Court is compelled to accept plaintiff's allegations as true. Consequently, the motion is denied as to Count One.

As to Count Two, "police departments are not *sui juris* entities – that is, they are not capable of being sued as a matter of law." *Marshall v. Toledo Police Dep't*, 2024 WL 3819624 (N.D. Ohio Aug. 14, 2024) (citations omitted). Accordingly, plaintiff cannot assert a claim against the Cleveland Police Department.

### Conclusion

For the foregoing reasons, defendant's Motion for Judgment on the Pleadings is denied as to Count One and granted as to Count Two.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan

Dated: 1/14/25

PATRICIA A. GAUGHAN
United States District Judge